IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**MICHAEL MURPHY,**

    **Plaintiff,**

v.                                                Civil Action No.: 1:20-CV-11
                                                      (JUDGE KLEEH)

**JASON DAVIS,**
**President of Enhanced Recovery Company, LLC,**

    **Defendant.**

**REPORT AND RECOMMENDATION**
**RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**

    This matter before the Court is pursuant to Defendant Jason Davis's Motion to Dismiss for Lack of Personal Jurisdiction filed on May 26, 2020. [ECF No. 28]. District Court Judge Thomas S. Kleeh entered an Order on June 16, 2020, referring the pending motion to the undersigned for a Report and Recommendation. [ECF No. 32]. The undersigned **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss for the reasons set forth below.

                              **I.**        **RELEVANT PROCEDURAL HISTORY**

    On January 13, 2020, *pro se* Plaintiff Michael Murphy, an inmate at FCI Gilmer, filed a Complaint in the United States District Court for the Southern District of West Virginia to initiate this matter [ECF Doc. No. 1]. In the interests of justice, the action was later transferred to the U.S. District Court for the Northern District of West Virginia, [ECF No. 3], and the Plaintiff was granted leave to amend his original complaint. [ECF No. 19]. Plaintiff Murphy filed his Amended Complaint on April 9, 2020. [ECF No. 21].

    Within his Amended Complaint, Plaintiff Murphy alleges that the Defendant Jason Davis violated the Fair Debt Collections Practices Act ("FDCPA") in twelve different ways, including

communicating false information and false representations about the Plaintiff's alleged debt, using false, deceptive, and unconscionable means to attempt to collect a debt from the Plaintiff, refusing to respond to the Plaintiff's validation request, failing to report a disputed debt to the credit bureaus, re-aging the debt, not being in the county where the Plaintiff lives, harassing the Plaintiff in an attempt to collect the debt, and continuing to report to credit bureaus without validating the alleged debt. [ECF No. 21].

On May 26, 2020, Defendant Jason Davis filed the pending Motion to Dismiss for Lack of Personal Jurisdiction [ECF No. 28]. The Court subsequently issued a *Roseboro* Notice to Plaintiff informing him that a response to the motion to dismiss must be filed on or before July 19, 2020. [ECF No. 29].

On June 16, 2020, Plaintiff moved for an extension of time to file a response to the motion to dismiss. [ECF No. 33]. The Court granted the motion and ordered that Plaintiff file a response on or before July 8, 2020 [ECF No. 34]. On June 23, 2020, Plaintiff moved again for an extension of time to file a response to the motion to dismiss. [ECF No. 37]. The Court again granted the Plaintiff's motion and ordered the Plaintiff file a response on or before July 26, 2020. [ECF No. 39].

On July 28, 2020, Plaintiff filed a Response to the Defendant's Motion to Dismiss for Lack of Jurisdiction. [ECF No. 42]. Defendant filed his Reply two days later on July 30, 2020. [ECF No. 43]. On August 11, 2020, Plaintiff filed a follow up Response to the Defendant's Reply titled "Plaintiff Michael Murphy's Motion for Courts to Set Further Proceedings." [ECF No. 44].

## II. PARTIES CONTENTIONS

### A. Defendant's Motion to Dismiss

Defendant moves that Plaintiff's Complaint be dismissed because (1) Plaintiff has failed to plead a prima facie showing of this Court's personal jurisdiction over Defendant; and (2) there is no proper basis for this Court to assert jurisdiction over Defendant. [ECF No. 28 at 2].

First, Defendant argues that the Plaintiff's Complaint "does not include any such allegation touching on the propriety of this Court exercising personal jurisdiction over" the Defendant. Id. Defendant notes that the Complaint alleges the Defendant is "a corporation organized and existing under the laws of the State of Florida with its principle [sic] place of business at 8014 Bayberry Rd, Jacksonville, FL 32256." However, Defendant argues this is "non-sensical" and "appears to pertain to Enhanced Recovery Company, LLC rather than Mr. Davis individually[.]" Specifically, the Defendant argues that the Plaintiff's Complaint "does not show a connection with West Virginia, nor the minimum contacts necessary to support this Court's exercise of personal jurisdiction over" the Defendant.

Second, Defendant argues that even if the factual allegations in the Complaint are sufficient to state a prima facia case of personal jurisdiction, a sworn declaration by Defendant "rebuts any basis for invoking jurisdiction." [ECF No. 28-1 at 2-3]. Defendant asserts, through his declaration and in the memorandum, that he "has no contacts with the State of West Virginia so as to support the exercise of personal jurisdiction." [ECF No. 28-1 at 3]. Specifically, Defendant claims he did not participate in any of the specific conduct that the Plaintiff alleges, he did not communicate with the Plaintiff or know of his existence prior to this lawsuit, and he is not involved in Enhanced Recovery Company, LLC's day-to-day activities. Id. Defendant states in his declaration that he is the "Chief Compliance Officer of Enhanced Recovery Company, LLC[,]" but he clarifies that he is "not involved in day-to-day collection efforts" nor has he "personally solicited business or engaged in any other persistent course of conduct in the State of West Virginia." [ECF No. 28-2].

Defendant concludes that not only did the Plaintiff fail to make a prima facie showing of personal jurisdiction, but the Defendant has "clearly establishe[d] that this Court lacks personal jurisdiction over Mr. Davis based on either general or specific jurisdiction relating to the claims." [ECF No. 28-1 at 3].

**B. Plaintiff's Response**

In his Response, Plaintiff's relies on Defendant's title as Chief Compliance Officer of Enhanced Recovery Company as a basis for this Court to exercise personal jurisdiction over the Defendant. [ECF No. 42]. Plaintiff argues that the "title alone speaks volume as to whether or not he should be held accountable." [ECF No. 42 at 3]. Plaintiff argues the Defendant is "attempting to minimize his role and involvement so he won't be held accountable for his unlawful practices as the 'Chief . . . Operator' of ERC." Id. Moreover, Plaintiff argues that Defendant is "down playing his role and involvement in the 'day to day' operations of ERC." Id. at 2-3. Accordingly, Plaintiff requests the Defendant's Motion to Dismiss be denied.

**C. Defendant's Reply**

Defendant argues in Reply that Plaintiff's argument "rests solely on an incorrect legal premise." [ECF No. 43 at 1]. Defendant counters that "an individual's position as an officer of a corporate entity does not give a court personal jurisdiction over the officer for the entity's acts within the forum." Id. Defendant asserted that the Plaintiff has not alleged any actions taken by the Defendant in West Virginia nor has the Plaintiff opposed the declarations by Defendant that he has no connection to the state. Id. Moreover, Defendant urged that "this Court cannot impute the forum contacts of Enhanced Recovery Company to its employees." Id. at 2. Defendant reaffirmed his position that the Plaintiff "has failed to set forth a prima facie showing of personal

jurisdiction" and "it would violate due process for this Court to exercise jurisdiction" over the Defendant. Id.

### D. Plaintiff's Motion for Courts to Set Further Proceedings

Lastly, in his Motion letter sent to the Court, Plaintiff argues that he has satisfied the prima facie standard for jurisdiction and this Court should exercise personal jurisdiction over Defendant. [ECF No. 44]. Plaintiff asserts that personal jurisdiction over the Defendant would be proper because he "regularly uses interstate commerce" and/or the mail for his business purposes of directly or indirectly collecting debt. [ECF No. 44 at 3]. Specifically, Plaintiff argues he has met the prima facie standard because of the information put forth in the "Jurisdiction" and "Definition" sections of his Complaint. [ECF No. 44 at 2]. He points to the definition in his Complaint alleging that Defendant Jason Davis is a "debt collector" under 15 U.S.C. § 1692(A)(6) as justification for this Court to be able to exercise personal jurisdiction over the Defendant. [ECF No. 3].

### III.     ANALYSIS

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which the plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

When a federal court's personal jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(2), it is ultimately the plaintiff's burden to prove that jurisdiction exists by a preponderance of the evidence. See Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers,

5

Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56 (4th Cir. 1993)). When the court addresses the jurisdictional question "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a prima facie showing of personal jurisdiction to survive the jurisdictional challenge." Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016). *See also* New Wellington Financial Corp. v. Flagship Resort Development Corp., 416 F.3d 290, 294 (4th Cir. 2005); Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 62 (4th Cir.1993); *and* Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). "In determining whether the plaintiff has made the requisite showing, the court must construe all relevant allegations of the pleadings and draw all reasonable inference in favor of the existence of jurisdiction. Carefirst, 334 F.3d at 396.

Two conditions must be satisfied for a district court to assert personal jurisdiction over a non-resident defendant: (1) A state long-arm jurisdiction statute must authorize jurisdiction over the non-resident defendant; or (2) The court's exercise of personal jurisdiction over the non-resident defendant must "comport with the Due Process Clause." Mylan Lab, Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993). Since "the West Virginia long-arm statute is coextensive with the full reach of due process, it is unnecessary in this case to go through the normal two-step formula for determining the existence of personal jurisdiction." In re Celotex Corp. v. Rapid Am. Corp., 124 F.3d at 627–28 (citation omitted); see also York v. Property and Casualty Ins. Co. of Hartford, No. 2:12cv06582, 2013 WL 5504435 (S.D. W. Va. Oct. 3, 2013) ("the statutory inquiry merges with the constitutional inquiry, and the two inquires essentially become one.") Therefore, the court's inquiry centers on whether the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause.

It is well established that the exercise of personal jurisdiction over the non-resident defendant is consistent with the Due Process Clause "if the defendant has sufficient 'minimum contacts' with the forum such that requiring the defendant to defend its interests in the forum does not 'offend traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). When assessing the "minimum contacts," courts should consider whether the defendant's contacts with the forum also provide the basis for the suit. Carefirst, 334 F.3d at 397.

If the defendant's contact with the forum state provides the basis for the suit, courts may exercise what is known as "specific jurisdiction." Id. To determine whether specific jurisdiction exists, the Court should consider the following: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Id. If the defendant's contact with the forum state does not provide the basis for the suit, a court may only exercise "general jurisdiction." Id. General jurisdiction is appropriate only where the defendant's contacts with the forum are "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984).

In cases involving corporate agents, "[w]hen a claim against a corporate agent rests on nothing more than that he is an officer or employee of the non-resident corporation, 'under sound due process principles, the nexus between the corporate agent and the forum state is too tenuous to support jurisdiction over the agent personally.'" Bison Resources Corp. v. Antero Resources Corp., No. 1:16-CV-107-FPS, 2018 WL 701295, at * 7 (N.D. W.Va. Feb. 2. 2018) (*quoting* Columbia Briargate Co. v. First Nat. Bank in Dallas, 713 F.2d 1052, 1056 (4th Cir. 1983)). This

is known as the "fiduciary shield" doctrine. Pittsburgh Terminal Corp. v. Mid Allegheny Corp., 831 F.2d 522, 525 (4th Cir. 1987) (*citing* Bulova Watch Co. v. K. Hattori & Co., 508 F.Supp. 1322, 1347 (E.D.N.Y.1981)). It is well established that "'[p]ersonal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation.' [and] '[p]ersonal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state.'" Progressive Minerals LLC v. Rashid, No. CIVA 5:07CV108, 2008 WL 4416408, at *5 (N.D.W. Va. Sept. 24, 2008) (*quoting* Harte–Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc., 299 F.Supp.2d 505, 513 (D.Md.2004)).

Here, personal jurisdiction does not exist. Defendant Davis does not have any personal contacts with the State of West Virginia nor did he conduct any activities aimed at the State of West Virginia. According to Defendant's affidavit, Defendant has "never resided in, nor maintained an office in the State of West Virginia." [ECF No. 28-2 at 1-2]. Defendant does not "maintain an agent in the State of West Virginia" nor does he use, possess, or "own any property in the State of West Virginia." Id. Defendant states he has never "personally solicited business or engaged in any other persistent course of conduct in the State of West Virginia, nor . . . personally derived substantial revenue from goods used or consumed, or services rendered in the State of West Virginia." Id. Furthermore, in regard to his role as Chief Compliance Officer, Defendant offers that he was "not involved in day-to-day collection efforts[.]" [ECF No. 28-2 at 3].

Plaintiff counters that Defendant is downplaying his involvement in the day-to-day operations of the Enhanced Recovery Company, LLC. However, Plaintiff has not made *any* showing of contact between Defendant individually and the State of West Virginia. Plaintiff has not shown that Defendant has personally conducted any activity directed State of West Virginia.

8

Defendant's title as Chief Compliance Officer and general use of the United States Postal Service, without more information, are insufficient to establish personal jurisdiction. Even when construing the pleadings and legal arguments of the *pro se* Plaintiff most liberally, Plaintiff has failed to show that exercising personal jurisdiction over the Defendant would be constitutionally reasonable.

Based on all the foregoing evidence, the Court must find that the Defendant does not have the necessary "minimum contacts" with West Virginia for personal jurisdiction nor has he "purposefully availed" himself to the jurisdiction. *See* International Shoe, 326 U.S. at 316; Carefirst, 334 F.3d at 397. Likewise, because Defendant has no presence in this State, Defendant does not meet the "continuous and systematic" requirement needed for this Court to have jurisdiction. *See* Helicopteros, 466 U.S. at 415. Accordingly, this Court does not have specific or general jurisdiction in this matter.

### VI. Conclusion

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Defendant's "Motion to Dismiss for Lack of Personal Jurisdiction" [ECF No. 28] be **GRANTED** and Plaintiff's Amended Complaint [ECF No. 21] be **DISMISSED WITHOUT PREJUDICE** and struck from this Court's docket.

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such**

**Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Clerk is directed to transmit copies of this Report and Recommendation to counsel of record and to send a copy to the *pro se* Plaintiff by certified mail, return receipt requested.

It is so **RECOMMENDED AND ORDERED.**

**Respectfully submitted this September 10, 2020.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE